IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.                         ) | Criminal No. 21-385-3 |
| ) | |
| JUSTIN BAILEY,             ) | |
| ) | |
| Defendant.    ) | |

## MEMORANDUM ORDER

On September 19, 2023, Defendant Justin Bailey was sentenced to a term of 72 months' imprisonment and a 3-year term of supervised release following his guilty plea to conspiracy to possess with intent to distribute and distribute quantities of fentanyl, heroin, and crack cocaine. Defendant did not file a direct appeal of his conviction or sentence, nor has he filed any collateral proceeding attacking his conviction or sentence.

On December 20, 2023, Defendant filed a pro se Motion to Obtain Documents, (Docket No. 1532), in which he requests that he be provided, free of charge, certain documents in his case, including the Indictment, his plea agreement and presentence investigation report,[1] and the change of plea and sentencing hearing transcripts. For the following reasons, Defendant's Motion will be denied.

---

[1] The Court notes that the Federal Bureau of Prisons ("BOP") permits inmates to review their presentence report prior to sentencing, but they are prohibited from obtaining or possessing a copy of the presentence report after sentencing is complete. *See* BOP Program Statement Number 1351.05, Part Two, 12(a)(2)(d)(1). The BOP adopted this policy for safety and security reasons to protect inmates' personal information from being publicized within the correctional facility. *See id.* Although the Program Statement recognizes that inmates must be provided reasonable opportunities to access and review their presentence reports and other documents, it specifies that inmates are responsible for requesting an opportunity to access and review these records with unit staff in accordance with the Program Statement on Inmate Central File, Privacy Folder, and Parole Mini-Files. *Id.* In view of this BOP policy, and the fact that Defendant is not awaiting sentencing or involved in any pending court case, his request to obtain his presentence report is denied for this additional reason.

Pursuant to 18 U.S.C. § 3006A(e)(1), a court shall authorize an indigent defendant to obtain services, including documents, for adequate representation only upon a finding that the services are necessary, and that the defendant is financially unable to obtain them.  *See United States v. Raghunathan*, 288 F. App'x 2, 4 (3d Cir. 2008) ("Necessary transcripts are included within the 'services' authorized.").  The burden is on the defendant making the request to show necessity.  *See United States v. Pitts*, 346 F. App'x 839, 841-42 (3d Cir. 2009) (the defendant has the burden of establishing necessity by "demonstrat[ing] with *specificity* the reasons why such services [or documents] are required") (citation omitted).

Here, Defendant has not set forth the purpose for which he seeks the requested documents.  As stated, Defendant does not have an appeal pending, the time for filing an appeal has long since passed, and he has no collateral proceeding pending.  Given these circumstances, Defendant is not entitled to the documents he requests free of charge.  *See United States v. Jackson,* 302 F. App'x 122, 123 (3d Cir. 2008) (citing *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error.")); *Raghunathan*, 288 F. App'x at 4 (relevant statutes do not authorize the Government to pay for a transcript where no proceeding is pending); *United States v. Moran*, Crim. No. 21-21, 2023 WL 4295828, at *1 (W.D. Pa. June 30, 2023) (Hardy, J.) (denying the defendant's request for sentencing hearing transcript at the Government's expense where no proceeding was pending); *United States v. Smith*, Crim. No. 04-309-2, 2010 WL 11534344, at *1 (W.D. Pa. Aug. 2, 2010) (Diamond, J.) ("[T]here is no basis for the court to grant a motion for transcripts when no proceeding of any kind is pending.").

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 21st day of December, 2023, IT IS HEREBY ORDERED that Defendant's pro se Motion to Obtain Documents, (Docket No. 1532), is DENIED.

<u>s/ W. Scott Hardy</u>  
W. Scott Hardy  
United States District Judge

cc/ecf:  All counsel of record

       Justin Bailey (via U.S. mail)  
       Reg. No. 63929-509  
       FCI Schuykill  
       Federal Correctional Institution  
       P.O. Box 759  
       Minersville, PA  17954